**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

ISAAC JEROME SMITH, #06384-017                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:11cv18-DCB-JMR

UNITED STATES OF AMERICA and
BRUCE PEARSON, Warden FCI-Yazoo City                             RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on February 16, 2011.  Upon review of the Petition and attachments, along with the applicable case law, the Court has reached the following conclusions.

**I.  Background**

On July 13, 2006, Petitioner was convicted of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), by the United States District Court for the Northern District of Florida.  *See United States v. Smith*, 3:06-cr-26 (N.D. Fla. Dec. 4, 2002).  Petitioner was sentenced to serve a 294- month term of imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *Id.*  Petitioner's conviction and sentence was affirmed by the Eleventh Circuit.  *See United States v. Smith*, No. 06-14077 (11th Cir. 2007).  Petitioner subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on June 4, 2009.

Petitioner claims that he was improperly sentenced as a career offender under the Armed

Career Criminal Act (ACCA)  based on previous convictions for intentionally touching a female correctional officer and aggravated assault.  Pet. [1], at 22.  Specifically, Petitioner alleges that these two previous convictions do not qualify as violent felonies under the ACCA or the career offender sentencing guidelines.  As support for his claims, Petitioner primarily relies on the United States Supreme Court's decisions in *United States v. Begay*, 553 U.S. 137 (2008) and *Johnson v. United States*, 130 S.Ct. 1265 (2010).[1]  As relief, Petitioner is asking this Court to "dismiss [his] charges and release  [him] from federal custody."  Pet. [1], at 10.

## II. Analysis

Initially, the Court notes that a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"  *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to § 2255.  *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted).  Petitioner's claim that he was improperly sentenced as a career offender does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence.  Since any alleged constitutional violations regarding Petitioner's career offender classification "occurred during or before sentencing," they are not the properly pursued

---

[1]In *Begay*, the Court held that a conviction for driving under the influence of alcohol under New Mexico law was not a "violent felony" within the meaning of the residual clause of the Armed Career Criminal Act (ACCA).  In *Johnson*, the Court held that a conviction for battery under Florida law was not a "violent felony" for purposes of the ACCA.

2

in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.).  The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Smith bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id*. at 901;  *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner contends that he meets the requirements to proceed under the savings clause based on the doctrine of actual innocence, as demonstrated by the Eleventh Circuit opinion of *Gilbert v. United States,* 609 F.3d 1159 (11th Cir. 2010).[2]  However, the Fifth Circuit has consistently relied on *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000), to disallow such

---

[2]The Court notes that the apparent version of the *Gilbert* opinion relied on by the Petitioner was vacated by the Eleventh Circuit in a subsequent opinion.  *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010).  In addition, on rehearing en banc, the Eleventh Circuit held that Gilbert could not use a habeas corpus petition via the savings clause to challenge a sentence that did not exceed the statutory maximum. *See Gilbert v. United States*, No. 09-12513, 2001 WL 1885674, at *1 (11th Cir. May 19, 2011).

claims under the savings clause.[3]  Specifically, the Fifth Circuit has stated that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241."  *Campbell v. Maye*, No. 10-50955, 2011 WL 2342690, at *1 (5th Cir. June 14, 2011)(citing *Kinder*, 222 F.3d at 213-14).  Therefore, since Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to 28 U.S.C. § 2241.

## III. Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause."  Therefore, this Petition for habeas relief shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction**.  *See Pack*, 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the __22nd___ day of June, 2011.

_____s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

---

[3]*See Glover v. Tamez*, No. 11-10060, 2011 WL 2118649 (5th Cir. May 27, 2011); *McNeal v. Martin*, No. 10-41213, 2011 WL 1664486 (5th Cir. May 4, 2011);  *Dority v. Roy*, No. 10-40288, 2010 WL 4558884 (5th Cir. Nov. 8, 2010);  *Hartfield v. Joslin*, 235 Fed. App'x 357, 2007 WL 2376707 (5th Cir. 2007); *Robertson v. United States*, 234 Fed. App'x 237, 2001 WL 2005591 (5th Cir. 2007);  *Walker v. United States*, 61 Fed. App'x 121, 2003 WL 342338 (5th Cir. 2003)*;  Washington v. Bogan*, 273 F.3d 1101, 2001 WL 1075869 (5th Cir. 2001).